# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PHOENIX LICENSING, L.L.C., ET AL. | |
| v. | Case No. 2:13-cv-1095-JRG-RSP |
| ROYAL CARIBBEAN CRUISES LTD. | |

## MEMORANDUM ORDER

Before the Court is Royal Caribbean Cruises, Ltd.'s ("Royal Caribbean") Motion to Transfer Venue to the Southern District of Florida (Dkt. 18, filed March 20, 2013). Royal Caribbean argues that the Southern District of Florida is a clearly more convenient forum for this case. Plaintiff Phoenix Licensing, LLC ("Phoenix") opposes transfer. After considering all of the record evidence and weighing the various factors, the Court finds that Royal Caribbean has failed to carry its burden of showing that the Southern District of Florida is a clearly more convenient venue for this case.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Phoenix Licensing, LLC ("Phoenix") is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona. (Dkt. 1.) On December 11, 2013, Phoenix filed this suit against Royal Caribbean Cruises Ltd. ("Royal Caribbean"), a Liberian corporation headquartered in Miami, Florida. (Dkt. 18.) In its original complaint against Royal Caribbean, Phoenix accused Royal Caribbean of infringing U.S. Patent No. 5,987,434, U.S. Patent No. 7,890,366, and U.S. Patent No. 8,352,317. (Dkt. 1.) Royal Caribbean now moves the Court pursuant to 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Southern District of Florida. (Dkt. 18.)

**APPLICABLE LAW**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly

more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314–15.

Timely motions to transfer venue "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## DISCUSSION

### A. Proper Venue

Neither party disputes that venue is proper either in the Eastern District of Texas or the Southern District of Florida as to Phoenix and Royal Caribbean.

### B. Private Interest Factors

#### 1. Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). While the Court must consider the convenience of both the party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* Wright & Miller, *Federal Practice and Procedure* § 3851. "A district court should assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 at 1343. However, there is no requirement that the movant identify "key

witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Id.* at 1343–44.

Royal Caribbean's motion sets forth a series of statements alleging the convenience prong weighs in favor of transfer. However, it is clear the statements in Royal Caribbean's motion place heavy emphasis on its own witnesses without setting forth a thorough analysis of Phoenix witnesses and third-party witnesses. In one example, Royal Caribbean identifies two purported "key" witnesses as residing within the Southern District of Florida. (Mot. at 10.) In another example, Royal Caribbean represents that several of its anticipated party witnesses are located within the Southern District of Florida. (*Id.*) Royal Caribbean's representation of the importance of these witnesses, however, is highly speculative. *See, e.g.,* (*id.*) ("These party witnesses **likely** have important information regarding the design, development, implementation, and maintenance of the Accused Communications . . . ") (emphasis added); (Sanguinetti Decl. at ¶¶ 7, 8 (Dkt. 18-9) and Matas Declaration at ¶ 7, (Dkt. 18-8)) (stating that these purported "key" witnesses "**may** have testimony relevant to Royal Caribbean International's consumer marketing communications.") (emphasis added). At best, therefore, these facts only weigh slightly in favor of transfer.

Additionally, Royal Caribbean cites a non-party Georgia-based witness as supporting its contention that the facts of this suit favor transfer. (Mot. at 10.) Presumably premising its conclusion on the geographical proximity of Georgia and Florida, Royal Caribbean concludes that the Southern District of Florida would be "significantly more convenient" as to this particular witness. (*Id.*) If the Southern District of Florida is indeed "significantly more convenient" to Royal Caribbean's Atlanta-based witness as Royal Caribbean suggests (Mot. at 10), it would logically follow that the Eastern District of Texas is "significantly more

convenient" to each and every one of Phoenix's Arizona- and California-based party and third-party witnesses, including those specifically identified by Royal Caribbean. (Mot. at 9.) Were the Court the accept Royal Caribbean's premise to be true, it must conclude that this fact weighs slightly against transfer.

Accordingly, taken as a whole, this factor is neutral.

**2.      Relative Ease of Access to Sources of Proof**

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

Royal Caribbean's motion states that it "is unaware of any documents relating to the Accused Communications located in Texas." (Mot. at 7.) Moreover, Royal Caribbean states that it "anticipates that most, if not all, of the documents relating to the Accused Communications are located in Defendant's southern Florida Offices." *See* (*id.*) (*citing* Sanguinetti Decl. at ¶ 5 (Dkt. 18-9) and Matas Declaration at ¶ 5, (Dkt. 18-8)). The documents cited in these portions of the two declarations, however, are limited to those documents relevant to "the marketing department and marketing database analytics team . . . " and "marketing communication strategy and implementation for the Royal Caribbean International brand . . . ." (Sanguinetti Decl. at ¶ 5 (Dkt. 18-9) and Matas Declaration at ¶ 5, (Dkt. 18-8)). Royal Caribbean proffers no additional evidence within these cited portions regarding documentation other than marketing-based information, such as, for example, financial information, strategy-based documents, management

documentation, etc.[1] Rather, Royal Caribbean merely states that its declarants are "not aware of any [other documents] that are **located** in Texas."). (*Id.*) (emphasis added).

Equally, Phoenix proffers evidence of *some* relevant documentation physically located within the Eastern District of Texas. *See, e.g.*, (Libman Decl. at ¶ 3, Dkt. 20-1) (discussing corporate and intellectual property-based documentation located in Tyler, Texas). Because both Plaintiff and Defendant have merely illustrated that some of its documentation is located within the transferor and transferee districts, respectively, this factor neither weighs for or against transfer.

Accordingly, evaluated as a whole, this factor is neutral.

### 3. Availability of Compulsory Process to Secure the Attendance of Witnesses

Under Federal Rule of Civil Procedure 45 (as recently amended), this Court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense. FED. R. CIV. P. 45(c)(1)(B). Similarly, the Court may enforce any subpoena for a deposition to be taken within its boundaries, provided that the deposition is taken no more than 100 miles from a location where the person resides, is employed, or regularly transacts business in person. *See id.* at (a)(2), (c)(1)(A), (d)(3)(a). Moreover, party witnesses do not require compulsory process for trial and are not given much weight in this factor. Rather, the focus of this factor is on witnesses for whom compulsory process to attend trial might be necessary.

Royal Caribbean identifies three witnesses it contends are outside of the subpoena power of the Eastern District of Texas; two of whom—Lillian Murphy and Lee-Ann Vermaak—it

---

[1] Notably, although the Sanguinetti Declaration states "[a]ny documents that may not be located in southern Florida can be **accessed** from RCL's southern Florida location," (emphasis added) the declaration is completely silent as to whether these documents can be *accessed* from Texas as well. (Sanguinetti Decl. at ¶ 5 (Dkt. 18-9).

contends are within the subpoena power of the Southern District of Florida. (Mot. at 8.) The third witness Royal Caribbean identifies, along with potential third-party witnesses it represents Plaintiff will likely rely upon, are neither located in Texas nor Florida. (*Id*. at 3, 8–9.) For its part, Phoenix does not specifically identify any third-party witnesses located within the Eastern district of Texas.

By Royal Caribbean's own admission, the two third-party witnesses identified to be within the subpoena power of the Southern District of Florida—and outside the subpoena power of the Eastern District of Texas—are the same witnesses identified in its discussion of *willing* witnesses. *See* (Mot. at 9) (identifying Lillian Murphy and Lee-Ann Vermaak under the heading, "Cost of Attendance for **Willing** Witnesses") (emphasis added); (Sanguinetti Decl. at ¶¶ 7, 8 (Dkt. 18-9) and Matas Declaration at ¶ 7, (Dkt. 18-8)) (same). The fact that these witnesses are willing witnesses does not weigh in favor of transfer. Moreover, Royal Caribbean's reliance on these and other witnesses is speculative at best. *See* (*id*.) (stating that these purported "key" witnesses "**may** have testimony relevant to Royal Caribbean International's consumer marketing communications.") (emphasis added). At best, this only weighs slightly in favor of transfer.

On the other hand, Phoenix sets forth evidence establishing Royal Caribbean's activities within the State of Texas. *See, e.g.,* (Wang Decl. at ¶¶ 6–8, Dkt. 20-2) (proffering significant evidence of Royal Caribbean's operational- and advertising-based activities within the Southern District of Texas and the Eastern District of Texas). Pursuant to the Federal Rules, this Court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense.[2] FED. R. CIV. P. 45(c)(1)(B). Indeed, under

---

[2] Given the Federal Rules of Civil Procedure, the Court strains to understand how Defendant's Galveston-based activities are "wholly immaterial to the venue analysis" as Royal Caribbean contends. (Reply at 5 n.4.)

the Federal Rules, Phoenix could compel attendance at trial as to any witnesses located within the State of Texas involved in Royal Caribbean's operations and ongoing activities within the state. These facts weigh against transfer.

Accordingly, evaluated as a whole, this factor weighs slightly against transfer.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

Although Royal Caribbean presents arguments to suggest that transfer would neither adversely affect the parties' efforts expended thus far, nor judicial economy, it fails to present the Court with any evidence supporting a theory as to why transfer to the Southern District of Florida would make trial of the instant suit easier, expeditious, or inexpensive. Indeed, Royal Caribbean's own arguments appear to suggest that this factor is, at best, neutral. *See, e.g.,* (Mot. at 11) ("[I]t would not be wasteful of judicial resources to transfer this action now."); (*id.*) ("[T]here are no practical considerations that weigh against transfer to the Southern District of Florida.").

Phoenix, on the other hand, cites numerous instances of this Court's previous and ongoing involvement with related suits, some of which involve one or more of the patents-in-suit in the instant suit. (Response at 11.) Moreover, prior to the date of Phoenix's response to Royal Caribbean's instant motion, the Court set a scheduling conference for the instant dispute and set critical dates in its Docket Control Order, including dates of compliance with this Court's local rules as to the parties' invalidity and infringement contention deadlines. (*Id.*) (citing critical docket entries from the lead case of which the instant suit is consolidated within).

Accordingly, evaluated as a whole, the Court finds this factor weighs slightly against transfer.

C.   **Public Interest Factors**

1.   **Local Interest in Having Localized Interests Decided at Home**

Royal Caribbean argues the Southern District of Florida has a local interest in this case because, among other things, "Defendant is headquartered in that district . . . ." (Mot. at 13.) To the extent Royal Caribbean's position is staked upon a connection not to "the events that gave rise to this suit," as suggested by *In re Volkswagen II*, but rather a connection of some residents of the Southern District of Florida, financial or otherwise, to Royal Caribbean itself, the Court notes that this raises troubling fairness implications and affords it little weight. 545 F.3d at 318. Indeed, while the concentration of Royal Caribbean's corporate activities may take place in or near the Southern District of Florida, Royal Caribbean has a significant commercial presence across the country and in this District.

In its final argument under this heading,[3] Royal Caribbean contends "the outcome of this proceeding will have a direct financial impact on Defendant and Defendant's reputation as well as the reputation of its employees." (Mot. at 13.) Even assuming this to be true, the Court is not persuaded that this fact favors transfer for several reasons. First, the same may be said about Phoenix within this District. For example, Phoenix proffered evidence that it maintains an office within the Eastern District of Texas. (Libman Decl. at ¶ 3, Dkt. 20-1.) Although the record reflects that Royal Caribbean employs more employees within Southern District of Florida district than Phoenix does within the Eastern District of Texas, it equally follows that the outcome of this proceeding will have a direct impact on Phoenix and Phoenix's reputation as well within this District given its ties to the Eastern District of Texas.

---

[3] The Court acknowledges Royal Caribbean's additional points under this heading regarding relevant documentation and witnesses relating to the Accused Communications. These arguments, however, have been addressed under one or more previous headings above and, thus, the Court will not readdress those arguments here.

Second, Royal Caribbean's reputation-based arguments as to the Southern District of Florida are belied by its strong nationwide presence and its significant ties to Texas. *See, e.g.,* (Wang Decl. at ¶¶ 6–8, Dkt. 20-2) (marshalling significant evidence of Royal Caribbean's operational- and advertising-based activities within the Southern District of Texas and the Eastern District of Texas). Indeed, with such a strong presence within these two Texas districts, the impact of this suit on Royal Caribbean would equally apply to this District as well.

Accordingly, at best, this factor is neutral.

### 2. Administrative Difficulties Flowing From Court Congestion

Royal Caribbean argues this prong favors transfer to the Southern District of Florida. Specifically, in supporting its arguments, Royal Caribbean cites two data points from which it ostensibly desires the Court to infer that transfer to the Southern District of Florida would alleviate any perceived administrative difficulties flowing from court congestion in the Eastern District of Texas. (Mot. at 12) (comparing the 2013 median time from filing a civil action to disposition and the 2013 median time from filing a civil action to trial of the transferor and transferee districts). The limited set of data Royal Caribbean cites is insufficient to demonstrate that this prong weighs in favor of transfer. As Royal Caribbean notes in its briefing, this factor is often speculative and case-disposition statistics may not always tell the story. (*Id.*) (*citing In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009)).

Accordingly, the Court finds this factor to be neural.

### 3. Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The Court finds that the remaining public interest factors are neutral. Indeed, Royal Caribbean itself concedes that the remaining two factors are neutral. *See* (Mot. at 13) ("[B]oth [transferee and transferor districts] have significant experience in handling patent infringement

cases, this factor favors neither district."); (*id*. at 14) (arguing the "Avoidance of Unnecessary Problems of Conflicts of Law" prong to be neutral as well).

## CONCLUSION

A motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *In re Nintendo Co.*, 589 F.3d at 1197; *In re Genentech, Inc.*, 566 F.3d at 1342 (Fed. Cir. 2009). After weighing the evidence as a whole, the Court finds that this is not such a situation. Three factors weigh slightly against transfer and the remaining factors are neutral. Not one factor weighs in favor of transfer. On balance, Royal Caribbean has fallen short of meeting its burden to show that the Southern District of Florida would be a clearly more convenient forum than the Eastern District of Texas. Accordingly, Royal Caribbean's Motion to Transfer Venue (Dkt. 18) is **DENIED**.

**SIGNED this 22nd day of December, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE